**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JESSE HOLLIDAY, Civil No. 00-1201 (JMR/ESS)

Plaintiff,

v. **ORDER**

CONSTANCE REESE, et al.,

Defendants.

Plaintiff, a federal prisoner who is currently incarcerated at the Federal Medical Center in Rochester, Minnesota, commenced this action by filing an 85-page complaint seeking relief under various federal civil rights statutes. He did not tender the $150 filing fee required by 28 U.S.C. § 1914(a), but instead filed an application seeking to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 4.) The matter is now before the Court for consideration of Plaintiff's IFP application. For the reasons discussed below, Plaintiff's request for IFP status will be denied pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

FILED JUN 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

This statute, "commonly known as the 'three strikes' provision, directs that prisoners who have had three previous civil suits or appeals dismissed as malicious, frivolous, or for failure to state a claim must prepay the entire filing fee... unless they are 'under imminent danger of serious physical injury.'" Lyon v. Kroll, 127 F.3d 763, 764 (8th Cir. 1997). When determining whether a prisoner is subject to the restrictions of § 1915(g) -- i.e., whether he has had three prior actions dismissed as frivolous, malicious, or for failure to state a cognizable claim -- courts will consider actions that were filed both before and after the enactment of the PLRA. Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996).

Federal court records show that during the past eight years, the instant Plaintiff has filed at least thirty-four actions in various U.S. district courts. At least six of those actions, (and quite possibly many more), were summarily dismissed because they were frivolous or failed to state an actionable claim for relief.[1] Therefore, the Court finds that Plaintiff is subject to the "three strikes" provision of § 1915(g).

Furthermore, while the complaint in this case is extremely difficult to decipher, there are no factual allegations showing that Plaintiff is "under imminent danger of serious physical injury." Rather, it appears that Plaintiff is seeking relief based on past incidents of alleged mistreatment, and (perhaps) an unsubstantiated concern about

---

[1] The six known cases that have been summarily dismissed for being frivolous or failing to state an actionable claim are (1) Holliday v. Hillin, No. 3:1992cv418 (M.D.Tenn.) (dismissed May 18, 1992); (2) Holliday v. Haynes, No. 3:1992cv555 (M.D.Tenn.) (dismissed June 25, 1992); (3) Holliday v. Shadden, 3:1993cv1006 (M.D.Tenn.) (dismissed January 28, 1997); (4) Holliday v. Dixon, No. 3:1993cv1032 (M.D.Tenn.) (dismissed December 18, 1993); (5) Holliday v. Smith, 3:1994cv862 (M.D.Tenn.) (dismissed January 13, 1995); and (6) Holiday v. Calderon, No. C 96-1382 VRW (N.D.Cal.) (dismissed May 6, 1996), 1996 WL 262718.

possible future mistreatment. Again, however, the Court finds no indication that Plaintiff is now subject to any immediate serious danger.

Thus, the Court concludes that § 1915(g) is clearly applicable here, and that, pursuant to the statute, Plaintiff is ineligible for IFP status in this matter. Plaintiff's IFP application, (Docket No. 4), must therefore be denied. However, "[s]ection 1915(g) does not prohibit prisoners from pursuing legal claims if they have had 'three strikes' or three prior dismissals. It only limits their ability to proceed in forma pauperis." Lyon, 127 F.3d at 765. Plaintiff will therefore be allowed to prosecute this action if he pays the full $150 filing fee.[2] He will be given until July 7, 2000, to do so.[3] If Plaintiff has not paid the full fee by that date, it will be recommended that the action be dismissed without prejudice.

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 4), is DENIED; and

---

[2] It appears that Plaintiff has already paid $.62 as a partial filing fee in this matter. If that is so, then he will be required to pay only the remaining balance of the statutory filing fee, which would be $149.38.

[3] It should be noted, however, that even if the full filing fee is paid in a timely manner, Plaintiff's complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether it states a cause of action on which relief can be granted. If the Court finds that Plaintiff has failed to plead a legally cognizable claim, his case will be subject to summary dismissal, notwithstanding his payment of the fee. 28 U.S.C. § 1915A(b)(1).

2. Plaintiff shall pay the entire $150 filing fee for this action by no later July 7, 2000, failing which it will be recommended that the action be dismissed without prejudice.

Dated: June 19, 2000

E.S. Swearingen

E.S. SWEARINGEN
United States Magistrate Judge