UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JESSE HOLLIDAY,

Plaintiff,

v.

CONSTANCE REESE, et al,

Defendants.

Civil No. 00-1201 (JMR/ESS)

**ORDER TO SHOW CAUSE**

---

THIS MATTER is before the Court on Plaintiff's motion for an "order of injunction." [Docket No. 19]. Plaintiff, a prisoner at the Federal Medical Center in Rochester, MN, has appealed the dismissal of this action, which was brought under various federal civil rights statutes, to the United States Court of Appeals for the Eighth Circuit. Plaintiff now seeks an order directing the prison staff to "cease interfering" with his:

> "access to courts, attorneys, senators, friends, by their multiple acts of theft of his mail (coming in + going out); theft of his few postage stamps, restriction to envelopes + only 3 in. (dull) pencils & writing paper; complete refusal of access to his sacks [sic] of legal documents ... opening & reading all of his legal mail; refusal of access to law library; other unlawful acts designed to severely restrict his access to courts - which they are doing."

Pl.'s Mot. for Ord. of Injunction, Docket No. 19 at 1. In an affidavit in support of his motion, Plaintiff alleges that Defendants have conspired to prevent him from pursuing his legal claims by making him wait one week to receive postage stamps; opening and reading his legal mail; refusing him court addresses and 10 x 12 envelopes; stealing one half of his legal documents from his cell on September 6, 2000; and delaying the posting of his legal mail for days or a week. Aff. in Supp. , Docket No. 20 at 1. Plaintiff also alleges that the prison staff are "spying into" his legal mail because they have made derogatory comments about his case. Id.

FILED MAR 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

A review of Plaintiff's contentions suggests that he has failed to assert actual injury or prejudice, which he is required to demonstrate in order to prevail on his motion. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994). However, the Court is also mindful that allegations of the search of a prisoner's legal mail outside his presence are sufficient to support an actionable claim. See Powells v. Minnehaha County Sheriff Dep't., 198 F.3d 711, 712 (8th Cir. 1999).

Therefore, based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. No later than twenty (20) days following the issuance of this order, Defendants shall show cause as to why the Court should not issue a preliminary injunction enjoining Defendants from interfering with plaintiff's legal mail or with his access to the courts.

Dated: March 2, 2001

E. S. SWEARINGEN
United States Magistrate Judge