**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JESSE HOLLIDAY, Civil No. 00-1201 (JMR/ESS)

Plaintiff,

v. **REPORT AND RECOMMENDATION**

CONSTANCE REESE, et al,

Defendants.

---

THIS MATTER is before the Court on Plaintiff's motion for an "order of injunction." [Docket No. 19]. Plaintiff, a prisoner at the Federal Medical Center in Rochester, MN, commenced this action by filing a complaint and an application to proceed in forma pauperis (IFP). This Court reviewed Plaintiff's IFP application and concluded that he was ineligible for IFP status under the "three strikes rule" set forth at 28 U.S.C. § 1915(g).[1] Therefore, by order dated June 19, 2000, [Docket No.11], the Court denied Plaintiff's IFP application, and directed him to pay the entire outstanding balance of the $150 filing fee prescribed by 28 U.S.C. § 1914(a). That order expressly advised Plaintiff that if he did not pay the full filing fee by July 7, 2000, the Court would recommend that this action be dismissed.

Plaintiff failed to pay the filing fee before the deadline set forth in the June 19 order, and

---

[1] Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

MAR 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

he did not make any attempt to contact the Court. Therefore, the Court determined that Plaintiff had abandoned this action, and the Court recommended that the action be dismissed for failure to prosecute. See Report and Recommendation, dated July 19, 2000 [Docket No. 12]. In an order issued August 15, 2000, [Docket No. 13] the Honorable James M. Rosenbaum adopted this Court's recommendation and ordered that this action be dismissed without prejudice. Plaintiff has appealed the dismissal of this action to the United States Court of Appeals for the Eighth Circuit. That court ordered Plaintiff to pay the filing fees to the district court by October 23, 2000, or face dismissal of his appeal for failure to prosecute. The docket does not reflect any additional actions taken by the Eighth Circuit.

Plaintiff now seeks an order directing the prison staff to "cease interfering" with his:

> "access to courts, attorneys, senators, friends, by their multiple acts of theft of his mail (coming in + going out); theft of his few postage stamps, restriction to envelopes + only 3 in. (dull) pencils & writing paper; complete refusal of access to his sacks [sic] of legal documents ... opening & reading all of his legal mail; refusal of access to law library; other unlawful acts designed to severely restrict his access to courts - which they are doing."

Pl.'s Mot. for Ord. of Injunction, Docket No. 19 at 1. In an affidavit in support of his motion, Plaintiff alleges that Defendants have conspired to prevent him from pursuing his legal claims by making him wait one week to receive postage stamps; opening and reading his legal mail; refusing him court addresses and 10 x 12 envelopes; stealing one half of his legal documents from his cell on September 6, 2000; and delaying the posting of his legal mail for days or a week. Aff. in Supp. , Docket No. 20 at 1. Plaintiff also alleges that the prison staff are "spying into" his legal mail because they have made derogatory comments about his case. Id.

As an initial matter the Court notes that, pursuant to Fed. R. App. P. 8(a)(1),[2] Plaintiff's motion may be considered by this Court. However, because the Court does not have personal jurisdiction over the Defendants, the Court may not issue an injunction against them. As noted above, the Court denied Plaintiff's motion for IFP status, and as a consequence Plaintiff was not entitled to service of process by the Marshal. The court docket does not reflect any attempts by Plaintiff to effect personal service on the Defendants, and the Defendants have not waived service of process. The district court does not have personal jurisdiction over parties who are not served with process. Sunkyong Intern. v. Anderson Land & Livestock, 828 F.2d 1245, 1251, fn. 6 (8th Cir. 1987), citing Peterson v. Sheran, 635 F.2d 1335, 1337 (8th Cir. 1980); see also Industrial Indemnity Co. v. Harms, 28 F.3d 761, 763 (8th Cir. 1994). Furthermore, the district court has no power to grant an injunction against a party over whom it has not acquired valid jurisdiction. Weitzman v. Stein, 897 F.2d 653, 659 (2d Cir. 1990).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for an order of injunction [Docket No. 19] be **DENIED**.

Dated: March 7, 2001

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation within 10 days after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which

---

[2] This rule provides that, "A party must ordinarily move first in the district court for the following relief ... (C) an order suspending, modifying, restoring, or *granting an injunction* while an appeal is pending." Fed. R. App. P. 8(a)(1) (emphasis added).

specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within 10 days.